Filed 1/22/14  P. v. Jimmerson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059560 |
| v. | (Super.Ct.No. FRE01435) |
| BOBBY JOE JIMMERSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## STATEMENT OF THE CASE

On October 27, 1995, defendant pled guilty for violating Penal Code[1] section 459 (first degree burglary, count 2). Defendant also admitted two strike priors. The trial court immediately sentenced defendant to a total indeterminate term of 25 years to life.

On December 21, 2012, defendant filed an in pro. per. petition for resentencing under section 1170.126, known as the Three Strikes Reform Act of 2012. (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2012).) The trial court denied the petition on August 16, 2013.

On August 30, 2013, defendant filed a timely notice of appeal.

## STATEMENT OF FACTS

*A. Underlying Facts*

In 1995, defendant admitted that he unlawfully entered an inhabited dwelling and inhabited portion of a building occupied by Kristen T., with the intent to commit larceny and any felony.

*B. Facts Relevant to the Motion*

On December 21, 2012, defendant filed an in pro. per. petition for recall of sentence under section 1170.126.

At a hearing on May 2, 2013, the trial court appointed a public defender for defendant. After several stipulated continuances, the case came on for hearing on August 16, 2013. At the hearing, the court denied defendant's motion for recall. The court found

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

that defendant's current commitment offense was for residential burglary, a serious felony. Therefore, defendant failed to satisfy the criteria in section 1170.126, subdivision (e), and was not eligible.

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On November 5, 2013, defendant filed a six-page handwritten brief. In his brief, he argues that he is now a responsible adult. He states, "I have been in prison 18 years now on that sentence and in that time I have grown as a man; my perspective and life outlook has changed so much that I don't even recognize the old me who was convicted and sentenced to a life sentence." Defendant then goes on to discuss his "$400 a day" addiction to crack, which made him resort to stealing from his family and his wife, and eventually led to residential burglary "by targeting homes where I knew the people worked and were not at home." Thereafter, defendant discusses the positive changes he has made while in prison, which includes writing a book. He goes on to discuss the things he would do to make a positive impact in the community once he is released.

We commend defendant for the changes he has made while in prison. However, the only issue on this appeal is whether the trial court erred in denying defendant's

3

motion to modify his sentence under section 1170.126. Here, defendant pled guilty to first degree residential burglary, a serious felony. He, therefore, is statutorily ineligible for resentencing under section 1170.126, subdivision (e)(1).

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI_____

J.

We concur:

McKINSTER_____
       Acting P. J.

KING_____
       J.